UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY L. FENTON,<br><br>                        Plaintiff,<br><br>v.<br><br>GREGORY MICHAEL KIRK; JMK PROPERTIES INC.; BLUE SKY REAL ESTATE; DEBORAH KIRK; and DOES 1–50,<br><br>                        Defendants. | Case No.: 22-CV-509 JLS (KSC)<br><br>**ORDER: (1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, AND (2) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT**<br><br>(ECF Nos. 1, 2) |

     Presently before the Court are Plaintiff Nancy L. Fenton's Complaint ("Compl.," ECF No. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Mot.," ECF No. 2). Having carefully considered Plaintiff's Complaint, her IFP Motion, and the applicable law, the Court **GRANTS** Plaintiff's IFP Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint for the reasons that follow.

*IN FORMA PAUPERIS* MOTION

     All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

/ / /

/ / /

$402.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  Although the statute does not specify the qualifications for proceeding IFP, the plaintiff's affidavit must allege poverty with some particularity.  *Escobeda v. Applebees*, 787 F.3d 1226, 1234 (2015).  Granting a plaintiff leave to proceed IFP may be proper, for example, when the affidavit demonstrates that paying court costs will result in a plaintiff's inability to afford the "necessities of life."  *Id.*  The affidavit, however, need not demonstrate that the plaintiff is destitute.  *Id.*

Here, Plaintiff's affidavit shows that she earns $995.00 per month in retirement income, with no other sources of income.  *See* IFP Mot. at 1–2.  Plaintiff reports holding $299.00 in her checking account, *see id.* at 2; claims ownership of a 2003 Acura MDX worth approximately $2,300.00, *see id.* at 3; and apparently owns a home—the subject of this action—that is worth approximately $949,000.00 but which Plaintiff claims has been stolen from her, *see id.* at 3.  Plaintiff's monthly expenses are approximately $692.00, including $120.00 for utilities, $200.00 for food, $160.00 for transportation, $169.00 for homeowner's insurance, and $43.00 for a Capital One credit card.  *See id.* at 4–5.  Plaintiff does not anticipate any major changes to her monthly income, expenses, assets, or liabilities in the coming year.  *Id.* at 5.

The Court concludes that Plaintiff adequately has demonstrated that paying the $402 filing fee would result in her inability to afford the necessities of life.  Accordingly, the Court **GRANTS** Plaintiff's IFP Motion.

/ / /

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).  The additional $52 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*.  *Id.*

# SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

## I. Standard of Review

Because Plaintiff is proceeding IFP, her Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2002) (per curiam) (holding 28 U.S.C. § 1915(e)(2) screening applies to non-prisoners proceeding IFP); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)). Under this statute, the Court must *sua sponte* dismiss a complaint, or any portion of it, that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez*, 203 F.3d at 1126–27. "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

"When a court does not have jurisdiction to hear an action, the claim is considered frivolous." *Johnson v. E. Band Cherokee Nation*, 718 F. Supp. 6, 6 (N.D.N.Y. 1989). Moreover, "[t]he Court has an independent obligation to determine whether it has subject-

matter jurisdiction." *Cox v. Lee*, No. CV-20-0275-PHX-DMF, 2020 WL 1904625, at *2 (D. Ariz. Apr. 17, 2020) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.") (citation omitted).  Pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court **must** dismiss the action" (emphasis added).  As the plain language of Rule 12(h)(3) suggests, this requirement is mandatory. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (noting that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived"; therefore, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety") (citation omitted).

Courts have a duty to construe a *pro se* litigant's pleadings liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  The district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect," unless the court determines that "the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130–31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

## II.     Plaintiff's Allegations

On March 12, 2020, Defendant Greg Kirk and an attorney named James McKinley came to Plaintiff's home, located at 4175 Porte de Merano #163, San Diego, California.  Compl. at 5, 7.[2]  Plaintiff claims that Kirk "assaulted and battered" her and subjected her to "unwanted touching, sexual assault." *Id.* at 7.  Plaintiff claims that Kirk is "a real estate broker representative of JMK Properties Inc." *Id.*

---

[2] In citing to Plaintiff's Complaint, the Court refers to the blue numbers assigned by the CM/ECF system and stamped in the upper right corner of each page.

In June of 2020, Plaintiff received texts and telephone calls "asking to buy [her] home." *Id.* On January 5, 2021, Plaintiff was notified that Kirk had filed an unlawful detainer lawsuit against Plaintiff. *Id.* Kirk had allegedly "sealed the case and requested a default although [Plaintiff] was there." *Id.* The remainder of Plaintiff's allegations on this point are cut off in her Complaint. *See id.*

On March 6, 2022,[3] Kirk sawed off the gate to Plaintiff's house and the locks on her door and screen door. *Id.* He then entered her home, removed all of her furnishings and belongings, and "put [Plaintiff] outside in [her] night shirt and refused [her] medicine, eyeglasses or street clothes." *Id.* Plaintiff claims that Kirk "represented falsified claims of ownership of [Plaintiff's] home awarded to him b[y] unlawful detainer court." *Id.* Plaintiff alleges that she is the owner of the property in question, with certified deeds. *Id.* Plaintiff claims that Kirk "even cleaned out [her] bank account," and she is now "homeless and without resources to eat, afford shelter." *Id.* at 8. Plaintiff lacks her "everyday health needs," including her "breathing machine," "blood pressure monitor," and "heart medic[in]e." *Id.*

Plaintiff claims that she experienced substantial injuries, including "spinal damage, arm torn from [her] body, shoulder tear, breast torn, back, neck, head, . . . leg, knees," which "is a great deal injuries for a senior and the likely hood of completely healing fro[m] the extensive disabling injuries are not a prob[ab]ility." *Id.* She says "[her] entire senior life is now filled with pain and suffering, instead of dancing in the moonlight." *Id.*

On April 13, 2022, Plaintiff filed her Complaint. *See* Docket. She asserts the Court has jurisdiction on the basis of a federal question, premised on "civil rights, racial predators, constutional [sic] rights." Compl. at 3. She further asserts the "False Claims Act" as a basis for her claims. *See* ECF No. 1-1 at 1. Plaintiff appears to state claims for assault, battery, "breaking and entering," and fraud. Compl. at 7. She also appears to claim that Defendants converted her property and that Kirk's actions amount to elder abuse. *See*

---

[3] Elsewhere Plaintiff claims her home was taken from her on April 6, 2022. *See* Compl. at 4, 8.

5

*generally id.* She seeks "the maximu[m] that this Court will allow for the extreme[] trauma [she] ha[s] endured," including "putting this despicable less than human person behind bars, stripping him of his wordly [sic] goods." *Id.* at 8. She also seeks monetary compensation, including the value of her home; the cessation of any renovations to, rental of, or sale of her home; the return of her home; the return of her medical and household goods; and an injunction against "further attacks on [her,] a senior citizen, owner." *Id.* at 5.

### III.  Analysis

#### A.  *Federal Rule of Civil Procedure 8*

Federal Rule of Civil Procedure 8 requires pleadings to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Violations of this Rule warrant dismissal." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). "One well-known type of violation is when a pleading says *too little*—the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases." *Id.* (emphasis in original) (citing *Iqbal*, 556 U.S. at 678).

Here, Plaintiff's Complaint fails to provide sufficient facts. Indeed, some of her allegations are cut off in her Complaint. *See, e.g.*, Compl. at 7, 8. She also fails to adequately identify the precise legal claims she is asserting against Defendants. She also fails to identify how the named Defendants other than Kirk are liable. Accordingly, the Complaint is subject to dismissal for violation of Rule 8.

#### B.  *Subject-Matter Jurisdiction*

Further, based on the limited facts alleged, the Court is not satisfied that it has subject-matter jurisdiction over the claims Plaintiff appears to be asserting. "Federal district courts are courts of limited jurisdiction that 'may not grant relief absent a constitutional or valid statutory grant of jurisdiction' and are 'presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.'" *Cooper v. Tokyo Elec. Power Co.*, 990 F. Supp. 2d 1035, 1038 (S.D. Cal. 2013) (quoting *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003)). Generally, subject-matter jurisdiction is based on the

presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity of citizenship between the parties, *see id.* § 1332.

Plaintiff claims subject-matter jurisdiction on the basis of federal question jurisdiction, pursuant to which courts have jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, "[s]ection 1331 . . . does not independently create subject matter jurisdiction; the suit must 'arise under' the Constitution or some other specific section of the United States Code." *Watson v. Chessman*, 362 F. Supp. 2d 1190, 1199 (S.D. Cal. 2005). Here, Plaintiff appears to assert claims for various violations of state law, including assault, battery, fraud, conversion, and elder abuse. *See generally* Compl. Plaintiff broadly claims that Defendants' actions implicate "civil rights" and her constitutional rights, *see id.* at 3, but Plaintiff fails to plead any facts to support any claims arising under the Constitution or the Civil Rights Act. And while Plaintiff invokes the False Claims Act (the "FCA"), *see* ECF No. 1-1 at 1, Plaintiff also fails to allege any facts to support a claim arising under the FCA, which concerns claims of fraud against the government. *See In re Schimmels*, 85 F.3d 416, 419 n.1 (9th Cir. 1996) (citing 31 U.S.C. §§ 3729(a), 3730(b)). Accordingly, it does not appear facially that Plaintiff's claims "arise under" federal law.

Nor does it appear that this Court can properly exercise diversity jurisdiction over this matter. Per 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." However, Plaintiff alleges that she is a California citizen, *see* Compl. at 3, as is Kirk, *see id.* Accordingly, it does not appear that Plaintiff and Defendants have "complete diversity" such that this Court can exercise diversity jurisdiction over this matter. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (explaining that 28 U.S.C. § 1332(a) requires "complete diversity," and "thus applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant").

/ / /

Accordingly, the Court finds that Plaintiff's Complaints fails to comply with Rule 8 and that this Court additionally lacks subject-matter jurisdiction over Plaintiff's Complaint. Thus, dismissal is warranted pursuant to 28 U.S.C. § 1915(e)(2).

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's IFP Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to comply with Federal Rule of Civil Procedure 8 and for lack of federal subject-matter jurisdiction.

Plaintiff **MAY FILE** an amended complaint curing the deficiencies noted above <u>on or before June 6, 2022</u>.  Any amended filing must be complete in itself, without reference to Plaintiff's original Complaint.  Any claim not re-alleged in Plaintiff's amended complaint will be considered waived.  See S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not realleged in an amended pleading may be "considered waived").

*Should Plaintiff fail to file an amended complaint <u>on or before June 6, 2022</u>, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and her failure to prosecute in compliance with a court order requiring amendment.*  See *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").  Such dismissal would be without prejudice to Plaintiff refiling her claims in state court.

**IT IS SO ORDERED.**

Dated: April 20, 2022

*[signature: Janis L. Sammartino]*
Hon. Janis L. Sammartino
United States District Judge